# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:10CV-P121-R

**CLAUDE COX**                                                                         **PLAINTIFF**

**v.**

**OFFICER JOHNATHAN RILEY**                                     **DEFENDANT**

## MEMORANDUM AND ORDER

Seeking damages, Plaintiff Claude Cox, a prisoner at the Kentucky State Penitentiary ("KSP"), filed a *pro se* civil-rights complaint pursuant to 42 U.S.C. § 1983 against KSP Officer Johnathan Riley in his individual capacity. Plaintiff alleges that he has recently "come outta the closet" and is being sexually harassed by Officer Riley.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). Upon review, the Court will allow the complaint to continue against Officer Riley under the Fourth, Eighth, and Fourteenth Amendments.

Accordingly, **IT IS ORDERED** that:

(1) The Clerk of Court shall forward by certified mail, return receipt requested, one copy of the complaint and this Order, to the Justice & Public Safety Cabinet, Office of Legal Counsel, Frankfort, Kentucky. General Counsel shall have **30 days** after receipt by certified mail of the complaint and this Order to complete and return a notice of waiver of service for

Defendant. The Clerk of Court shall issue summons and cause a copy of the complaint and summons to be served should waiver is not timely returned.

(2) The answer to the complaint shall be filed no later than **60 days** after waiver of service. However, if service is required, the answer shall be filed no later than **20 days** after service of summons.

(3) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(4) The parties shall complete all pretrial discovery herein no later than **November 12, 2010**. As a requirement of discovery, Defendant's counsel shall produce to Plaintiff all records or documentation which are relevant to the claim(s) set forth in this complaint that have survived initial review. **Counsel shall certify that the production is complete and shall file the certification with the Court**. Within the same time, Plaintiff shall provide counsel for Defendant any records or documentation relevant to his remaining claims. **Plaintiff shall certify that production is complete and shall file the certification with the Court**. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(5) This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

(6) No later than **December 13, 2010**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against each Defendant.

(7) No later than **January 12, 2011**, Defendant shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendant may file any dispositive motions, including a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

(8) Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **January 12, 2011**.

(9) If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires. Any such motion to extend any time should indicate the reasons for extension. The Court will not grant an extension unless good cause is shown.

---

[1]The Court notes, however, that this action is exempt from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision."); Fed. R. Civ. P. 26(f) (parties must confer "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)").

(10)     Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendant's counsel. *See* L.R. 5.2(d).

(11)     Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:

cc:     Plaintiff, *pro se*
        Defendant
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005