# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:10CV-P121-R

CLAUDE COX                                                                                    PLAINTIFF

v.

OFFICER JOHNATHAN RILEY                                                          DEFENDANT

## MEMORANDUM OPINION

Defendant has filed a motion for summary judgment (DN 31). Plaintiff's response was due on July 5, 2010. As of August 3, 2011, no response has been filed.

## DISCUSSION

Defendant first states that Plaintiff has failed to exhaust his administrative remedies for the majority of his claims. Failure to exhaust administrative remedies is an affirmative defense. *Grinter v. Knight*, 532 F.3d 567, 578 (6th Cir. 2008). A plaintiff is not required to specially plead or demonstrate exhaustion of administrative remedies. *Id.* Accordingly, defendants must assert the defense of failure to exhaust administrative remedies and bear the initial burden of proof. *Bruce v. Corr. Med. Servs., Inc.*, 389 Fed. Appx.462, 467 (6th Cir. 2010). Defendant states that Plaintiff has filed only one relevant grievance.[1] Defendant contends that any other activity is irrelevant because a grievance was not filed. Plaintiff has failed to respond to Defendant's initial burden of proof. Accordingly, summary judgment is GRANTED for all claims not involved in the grievance filed by Plaintiff.

Defendant concedes, however, that Plaintiff did exhaust his administrative remedies in

---

[1]Discussed below.

regards to one claim.[2]  Plaintiff filed a grievance stating:

> On 6-7-10 Officer Johnathan Riley made sexual remarks towards me and this was also around pill call and said something sexual remark about my private part on my body and this was said in the presence of the nurse and other officer and other inmates. [some edits made for readability]

Grievance, DN 31-3, pg. 3.  For the purposes of summary judgment, it is therefore only appropriate to consider the above allegations.

### a. Fourth Amendment

Plaintiff does not refer to a search or seizure in his grievance.  Accordingly, summary judgment on the Fourth Amendment claim is GRANTED.

### b. Eighth Amendment

The Eighth Amendment "has applied to barbarous physical punishments. . . . [and] punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (internal quotations and citations omitted).  One set of alleged sexual remarks made do not amount to the "unnecessary and wanton infliction of pain."  Accordingly, there is no constitutional deprivation under the Eighth Amendment and summary judgment is GRANTED.  *Accord Papaioan v. Riley*, No. 10-CV-88-KKC, 2010 WL 1234992 (E.D.Ky. March 23, 2010) (Verbal sexual abuse and harassment does not rise to level of Eighth Amendment) (citations to additional cases holding the same).

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

---

[2] Defendant does state that the civil action was filed prior to the final ruling from the Commissioner.  However, the issue is irrelevant and this Court does not reach the issue of whether a premature action has failed to exhaust administrative remedies.

An appropriate order shall issue.